JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Angeliki M. Rengepes

**DEFENDANTS**
Bloomingdale's, Inc. d/b/a Bloomingdale's

**(b)** County of Residence of First Listed Plaintiff: **Montgomery**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **New York**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Daniel S. Doyle, Esquire
Brooks, Bradley & Doyle

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [x] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
U.S.C. Title 28 1332
Brief description of cause:
Non Motor Vehicle Personal Injury

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** >150,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 04/26/2022
SIGNATURE OF ATTORNEY OF RECORD
DANIEL S. DOYLE, ESQUIRE

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELIKI N. RENGEPES<br>210 FOXTAIL WAY<br>LANSDALE, PA 19446 | :<br>:<br>: NO.<br>: |
| V. | :<br>: |
| BLOOMINGDALE'S, INC. d/b/a<br>BLOOMINGDALE'S<br>1000 Third Avenue 59th Street and<br>Lexington Avenue<br>New York, NY 10022 | :<br>:<br>:<br>:<br>: |

### COMPLAINT-CIVIL ACTION

Plaintiff, Angeliki N. Rengepes, ("Plaintiff") by and through attorney Daniel S. Doyle of Brooks, Bradley & Doyle, hereby presents this Civil Action Complaint and, in support thereof, avers as follows:

### NATURE OF ACTION

1. The Plaintiff, Angeliki N. Rengepes brings this action to recover monetary damages under supplemental Pennsylvania law claims for negligence.

### THE PARTIES

2. Plaintiff, Angeliki N. Rengepes is an adult individual who resides at the above-captioned address.

3. Defendant Bloomingdale's, Inc. ("Defendant") is a business with its corporate headquarters at the above-captioned address.

### JURISDICTION AND VENUE

4. Jurisdiction is based on diversity of citizenship and amount, U.S.C. Title 28 §1332.

5. Plaintiff is a citizen of Pennsylvania and Defendant is a Corporation with Corporate Offices located in the State of New York, and the matter in controversy exceeds, exclusive of interest and costs, the sum of One Hundred and Fifty Thousand Dollars.

6. Venue is proper under 28 U.S.C. §1391, as the accident occurred in Pennsylvania within this Court's Judicial District.

## COUNT I
## ANGELIKI RENGEPES v. BLOOMINGDALE'S, INC.

7. Plaintiff incorporates by reference the averments stated in paragraphs 1 through 6 as if fully set forth herein at length.

8. On October 28, 2020, Plaintiff Angeliki Rengepes was working as a business invitee at the Bloomingdale's store at the Willow Grove Park Mall at 2400 West Moreland Park Road, Willow Grove, Pennsylvania ("Willow Grove Bloomingdale's").

9. On the above date, Plaintiff Angeliki Rengepes was in the stock room of the store performing when she tripped over a misplaced and difficult to see ladder and sustained serious injury.

10. At all times pertinent hereto, Defendant acted by and through its agents, servants, workmen and/or employees, acting within the scope of their employment.

11. Defendant Bloomingdale's, through its agents, servants, workmen and/or employees, were responsible for the maintenance and safety of the store, the stock room, and its employees at all times pertinent hereto.

12. The negligent condition of the stock room constituted a dangerous and defective condition for business invitees such as Plaintiff because it created a tripping hazard.

13. As a result of Defendant's negligence and carelessness, Plaintiff Angeliki Rengepes tripped and fell hard to the floor, causing her to lose consciousness and to sustain serious injuries.

14. Plaintiff's accident was due solely to the negligence and carelessness of Defendant and was not due to any act or failure to act on the part of Plaintiff.

15. At all times pertinent hereto, Plaintiff was on Defendant's property as a business invitee of Defendant Bloomingdale's.

16. The negligence and carelessness of Defendant Bloomingdale's which caused the accident in question included, but was not necessarily limited to, the following:

a) creating a dangerous and defective tripping hazard (ladder misplaced and difficult to see) in its stock room and store, and permitting general disarray;

b) creating a tripping hazard in an area where business invitees such as a Plaintiff would be expected to and/or were required to walk;

c) permitting a dangerous and defective condition to exist in an area where business invitees such as Plaintiff would be expected to and/or were required to walk;

d) failing to make the stock room and store safe for its business invitees;

e) failing to place appropriate barriers, markers and/or other restraining devices to prevent business invitees from tripping;

f) failing to have proper lighting in the stock room and store;

g) failing to properly warn business invitees such as Plaintiff of the existence of the tripping hazard that Defendant had created;

h) failing to remove the tripping hazard within a reasonable time;

  i)  failing to properly maintain the stock room and store to prevent a hidden and/or unexpected danger to business invitees; and

  j)  failing to properly monitor the area to ensure that there were not hidden and/or unexpected dangers to business invitees.

  17. As a direct result of the negligence, and carelessness of Defendant, Plaintiff suffered multiple severe injuries, including, but not necessarily limited to injury to her head, neck, spine, back, shoulders and body in general, some or all of which may be permanent.

  18. As a direct result of the negligence, and carelessness of Defendant, Plaintiff suffered injury resulting in several ongoing conditions, including, but not necessarily limited to headaches, sensitivity to light and sound, impaired vision and other deficits, some or all of which may be permanent.

  19. As a direct and proximate result of the negligence and carelessness of Defendant as described above, Plaintiff experienced pain and suffering, limitation, discomfort, anxiety, and a diminution of life's enjoyment and will continue to do so in the future.

  20. As a result of the negligence, and carelessness of Defendant, Plaintiff has been required to incur expenses for reasonable and necessary medical treatment for her injuries, and will continue to require medical treatment and incur medical expenses into the future.

  21. As a result of the negligence, and carelessness of Defendant, Plaintiff has suffered and will continue to suffer severe physical and mental pain, disfigurement,

disability, limitation, incapacity, mental anguish, embarrassment and humiliation, some or all of which may be permanent in nature.

22. As a result of the negligence, and carelessness of Defendant, Plaintiff suffered, and continues to suffer wage loss and a diminished earning capacity.

23. As a result of the negligence and carelessness of Defendant, Plaintiff is subject to a lien for worker's compensation benefits paid.

24. Plaintiff hereby makes a demand for a jury trial of twelve.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount in excess of one hundred and fifty thousand dollars, plus costs, delay damages and all other damages to be determined at the time of trial.

**BROOKS, BRADLEY & DOYLE**

BY: _____
**DANIEL S. DOYLE, ESQUIRE**
**ATTORNEY FOR PLAINTIFF**
**PA. ATTORNEY I.D. No. 77989**
**21 W. Second Street**
**Media, PA 19063**
**(610) 565-4800**
**FAX (610) 565-2551**
**Dan.Doyle@bbdlawfirm.com**

**VERIFICATION**

Angeliki N. Rengepes avers that she is the Plaintiff herein and as such verifies that the information contained in the foregoing is true and correct to the best of her knowledge, information, and belief. This Verification is made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

*Angeliki Rengepes* (signature)

ANGELIKI N. RENGEPES

DATE: 4/25/22

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 210 Foxtail Way, Lansdale, PA 19446 ~~1000 Third Ave 59th St and Lexington Ave, New York, NY~~

Address of Defendant: Bloomingdale's; 2400 West Moreland Park Rd, Willow Grove,

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 04/26/2022   _[signature]_   77989
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☑ Other Personal Injury *(Please specify):* Non MVA Personal Injury
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Daniel S. Doyle, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 01/26/2022   _[signature]_   77989
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Angeliki M. Kengepes                  :   CIVIL ACTION
                                      :
            v.                        :
                                      :
Bloomingdale's, Inc. d/b/a            :   NO.
Bloomingdale's                        :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                                                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                                                       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.                                          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                                                 ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                                                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                                                      (✓)

4/26/2022     Daniel S. Doyle, Esq       Plaintiff
**Date**      **Attorney-at-law**        **Attorney for**

610-565-4800    610-565-2557    dandoyle@BBDlawfirm.com
**Telephone**   **FAX Number**  **E-Mail Address**

(Civ. 660) 10/02



**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)  The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)  In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)  The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)  Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)  Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

